**IN THE UNITED STATES BANKRUPTCY COURT**
**District of Puerto Rico**

IN RE:

**EVELIO DROZ RAMOS**
**aka EVELIO DROZ**
**AUREA ESTHER FRANCO DE DIAZ**
**aka AUREA DROZ, aka AUREA ESTHER FRANCO, aka AUREA FRANCO DIAZ, aka AUREA ESTHER FRANCO DIAZ**

xxx–xx–9253
xxx–xx–2529

Debtor(s)

Case No. **14–08190 ESL**

Chapter **13**

FILED & ENTERED ON 12/11/18

### *ORDER CONFIRMING PLAN*

1. The debtor's (s') Chapter 13 plan was duly served on all parties. A hearing on confirmation of the plan was held after due notice to all parties in interest. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. §1325(a) are met.

2. The debtor(s), or his employer, shall make the payments to the trustee required by the confirmed plan or as hereafter modified. Upon the Chapter 13 trustee?s request, and without further notice, the court may order any entity from whom the debtor(s) receive(s) income, to pay all or any part of such income to the trustee pursuant to 11 U.S.C. §1325(c).

3. The debtor(s) shall obtain the approval of the trustee prior to incurring in post petition consumer debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant to 11 U.S.C. §1305 (c) and the debt to be non–dischargeable pursuant to 11 U.S.C. §1328 (d).

4. If the debtor(s) plan is confirmed prior to the last day to file claims, or to object to the debtor(s) claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. §1329 may be required after these dates have past.

5. Unless otherwise ordered by the court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

6. The debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the Bankruptcy Court. The debtor(s) shall be responsible for preserving and protecting all property of the estate.

7. Debtor(s) has (have) a continuing obligation, during the term of the plan, to report to the Court, thru the pertinent motion or amendment to schedules, any change to the (their) financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means.

Therefore, **IT IS HEREBY ORDERED** that the debtor's (s') Chapter 13 plan dated 11/30/18 is **CONFIRMED**.The hearing set for 2/27/19 is vacated as per PR LBR 3015–3(f).

**ALLOWANCE OF DEBTOR ATTORNEY'S (S') FEES**

☉ (1).The plan provides that the attorney representing the debtor(s) will be compensated pursuant to LBR 2016–1(f)(1) in the amount of $3,000.00. The court finds that the amounts described in the statement filed pursuant to 11 U.S.C. §329 and Fed.R.Bankr.P.2016(b), are reasonable fees for the legal services performed up to the confirmation hearing date, and as such are hereby approved.

○ (2).The plan provides that the attorney representing the debtor(s) will be compensated pursuant to PR LBR 2016–1(a). Attorney?s fees in the amount of $ are hereby approved.

○ (3).The final amount to be compensated for the services performed up to the confirmation hearing date will be determined upon the approval of an application filed pursuant to 11 U.S.C. §330 and Fed.R.Bankr.P.2016(a), filed within fourteen (14) days from the date of the entry of this order. If the application is not filed within (14) days from the date of the entry of this order, then the attorney compensation will be equal to the amount authorized by LBR 2016–1(f)(1), and is hereby approved.

○ (4).The court approves an interim fee in the amount of $. If no timely application for final compensation is filed within fourteen (14) days from the date of entry of the order, then the interim fee awarded in this order will be the final fee for services provided up to the confirmation of the Chapter 13 Plan.

The approved fees, less any retainer, shall be paid by the trustee from the monies received under the debtor(s) plan in the order of distribution provided for the plan.

In San Juan, Puerto Rico, this Tuesday, December 11, 2018 .

*Enrique S. Lamoutte*
United States Bankruptcy Judge